UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SANDRA GOLDIE JAMES,

      Plaintiff,

v.                                CIVIL ACTION 3:14-cv-19773

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

## M E M O R A N D U M   O P I N I O N

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12), Brief in Support of Defendant's Decision (ECF No. 15) and Plaintiff's Supplemental Brief to Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 16). This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Both parties have consented to a decision by the United States Magistrate Judge.

Background

On April 16, 2011, Sandra Goldie James, (Claimant), applied for Social Security Disability Insurance Benefits (DIB), and on May 9, 2011, she applied for Supplemental Security Income (SSI) alleging disability beginning on April 15, 2011. On June 21, 2011, the claims for SSI and DIB were denied initially and again upon reconsideration on October 19, 2011. Claimant filed a written request for hearing on November 30, 2011. Claimant appeared in person and testified at a hearing held in Huntington, West Virginia. In the Decision dated February 15, 2013, the ALJ

determined that based on the application for a period of disability and disability insurance benefits,

Claimant was not disabled under sections 216(i) and 223 (d) of the Social Security Act and based

on the application for supplemental security income, Claimant was not disabled under section

1614(a)(3)(A) of the Social Security Act.  On April 12, 2013, Claimant filed a Request for Review

of Hearing Decision of the ALJ.  On June 25, 2014, the Appeals Council denied Claimant's request

for review and "found no reason under our rules to review the Administrative Law Judge's

decision" (Tr. at 1).  The Appeals Council stated:

> In looking at your case, we considered the reasons you disagree with
> the decision in the material listed on the enclosed Order of Appeals
> Council.
>
> We considered whether the Administrative Law Judge's action,
> findings or conclusion is contrary to the weight of evidence of
> record.
>
> We found that this information does not provide a basis for changing
> the Administrative Law Judge's decision.
>
> We also looked at medical records from Amy Martstellar, M.D.,
> Cabell Huntington Hospital, Lab Corp, Mohammad Abdul-
> Khoudoud, M.D., and Moussa Alhaj, M.D., dated February 20,
> 2013, to April 12, 2013 (19 pages) and records from Michael
> Kennedy, PT, dated October 30, 2013 (16 pages).   The
> Administrative Law Judge decided your case through February 15,
> 2013.  This new information is about a later time.  Therefore, it does
> not affect the decision about whether you are disabled beginning on
> or before February 15, 2013.
>
> If you want us to consider whether you are disabled after February
> 15, 2013, you need to apply again. (Tr. at 1-2).

Thereafter, Claimant bought the present action requesting this Court to review the decision

of the defendant and reverse or remand the decision.

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job,

and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period of time from his alleged onset date of April 15, 2011, through his date last insured (DLI) of December 31, 2016 (Tr. at 62). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments systemic lupus erythematosus (SLE), multiple sclerosis (MS), obesity, multilevel degenerative changes most prominent at C3-4, depression and posttraumatic stress disorder (PTSD). (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 64). The ALJ then found that Claimant has a residual functional capacity for light work (Tr. at 66). Claimant can lift and carry, push and pull ten to twenty pounds at a time, sit six out of eight hours, stand six out of eight hours and walk six out of eight hours. The claimant can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl but can never climb ladders and scaffolds. Claimant needs to avoid concentrated exposure to hazardous work conditions including unprotected heights, moving mechanical parts and operating a motor vehicle. Claimant needs to avoid concentrated exposure to extreme cold and heat. Claimant is minimally impaired in the ability to make complex work related decisions. Claimant can occasionally interact with supervisors, coworkers and the public. Claimant is limited to tolerating constant changes in the routine work setting but can tolerate frequent and occasional changes in the routine work setting (Tr. at 66-67). The ALJ held that Claimant is able to perform past relevant work as a Medical Review Nurse and a Staff Nurse (Tr. at 72). Therefore, the ALJ found that Claimant has not been under a disability as defined in the Social Security Act (Tr. at 74).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was

defined as:

> "evidence which a reasoning mind would accept as sufficient to
> support a particular conclusion. It consists of more than a mere
> scintilla of evidence but may be somewhat less than a
> preponderance. If there is evidence to justify a refusal to direct a
> verdict were the case before a jury, then there is 'substantial
> evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d

640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving

conflicts in the evidence.  *Hays v.Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the

courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the

record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*,

495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported

by substantial evidence.

Claimant's Background

Claimant was born on July 15th, 1973 (Tr. at 89).  On the date of the hearing, Claimant was

39 years old, stood at 5 foot 4 inches tall and weighed 453 pounds. Claimant lives by herself.

Claimant graduated from high school and has an associate's degree in nursing (Tr. at 93).  Claimant

has a driver's license.

5

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the ALJ failed to: fairly evaluate Claimant's credibility; properly weigh the opinion of Claimant's treating physician; and properly consider the new and material evidence submitted subsequent to the hearing which further demonstrates that she is disabled (ECF No. 12).

Specifically, Claimant's Supplemental Brief asserts the following:

> In an application filed subsequent to the application giving rise to this civil action, the Plaintiff was found disabled commencing November 1, 2014, as evidenced by the Social Security Administration (Important Information) letter, dated February 3, 2015, attached hereto and marked as "Plaintiff's Supplemental Brief Exhibit No. 1", and the Notice of Award, dated February 8, 2015, attached hereto and marked as "Plaintiff's Supplemental Brief Exhibit No. 2."

> While the subsequent application resulted in a determination that the Plaintiff became disabled approximately 21 months after the ALJ's decision at issue herein, the Plaintiff contends that her disabling impairments are the same in both cases. Specifically, the subsequent allowance purports to be based on Affective Disorders and Anxiety Disorders as reflected in the Disability Determination And Transmittal, dated 01/14/2015, attached hereto and marked as "Plaintiff's Supplemental Brief Exhibit No. 3." Plaintiff contends that her mental impairments were as severe or about 04/15/2011 (Alleged On-set Date in this Civil Action) as on the 11/01/2014 subsequent allowance date. As justification for this assertion, attention is called to the letter, dated April 12, 2013, from Christie Eastman, MA, LPC, Staff Counselor (Cabell Huntington Hospital Counseling Center) (TR. 40-41), the Plaintiff's long-time treating counselor, wherein the Plaintiff's mental impairments and their severity since 8/16/2007 are recounted.

6

With the exception of the diastolic heart failure, the impairments recited in the Social Security Administration (Important Information) letter, dated February 3, 2015, are the same problems recited in the Plaintiff's Brief, i.e. systemic lupus erythematosus, obesity, degenerative disc disease, depression, posttraumatic stress disorder, hypertension, fibromyalgia, and hypothyroidism. Accordingly, it is the Plaintiff's contention that the physical and mental impairments which justified her subsequent award of benefits are the same impairments alleged in the instant case. (ECF No. 16).

<u>Medical Opinions</u>

An MRI of Claimant's head taken on October 17, 2009, revealed two nonspecific approximately 5 mm foci of signal abnormality in the white matter of the right frontal region (Tr. at 344-345). Claimant submitted treatment notes beginning on June 13, 2005, from Pramit Bhasin, M.D., a neurologist, who followed Claimant for multiple sclerosis (Tr. at 330-343). On physical examination on January 20, 2010, Claimant had normal bulk, tone, and power, and her gait was normal (Tr. at 331). Dr. Bhasin remarked that "[o]verall, [Claimant] is doing well" (Tr. at 330).

An MRI of Claimant's head taken on August 8, 2010, showed stable intracranial appearance of the head compared with the prior MRI on October 17, 2009 (Tr. at 348). An MRI of Claimant's cervical spine taken on August 8, 2010, revealed multilevel degenerative disc disease most prominent at C3-4 (Tr. at 346-347).     In motor examination with Robert L. Lewis II, M.D., of Pleasant Valley Neurophysiology Center on November 1, 2010, Claimant's motor function and strength were normal in both the upper and lower extremities bilaterally, except for a mild fine tremor present in the right and left upper extremities (Tr. at 360).

Claimant first treated with Howard L. Feinberg, D.O., on January 28, 2011 for hand, shoulder, neck, and generalized pain and tenderness (Tr. at 464). On musculoskeletal examination,

there was trigger point tenderness in a distribution consistent with fibromyalgia, but no active synovitis, effusion, warmth, or erythema.  Joint range of motion was essentially within normal limits.  Claimant was diagnosed with carpal tunnel syndrome, fibromyalgia, rule out systemic lupus erythematosus, multiple sclerosis (by history), obesity, hypertension, and sleep apnea.  Dr. Feinberg advised Claimant about the importance of using her CPAP, which she had not been wearing.  (*Id.*)

   Claimant received physical therapy between January 12, 2011, and March 16, 2011, to improve gait abnormalities (Tr. at 438-452).  Claimant's chief complaint was weakness and pain in the knees (Tr. at 448).  Amy Albrecht Marsteller, M.D., Claimant's family physician, completed Family and Medical Leave Act forms on Claimant's behalf on April 18, 2011, stating that Claimant was unable to type due to tremors, and had memory loss which interfered with all aspects of her work (Tr. at 197).  She further stated that she was "unable to determine" the duration of Plaintiff's condition (Tr. at 1971).  On April 21, 2011, Dr. Feinberg diagnosed systemic lupus erythematosus and fibromyalgia, and recommended an aerobic conditioning exercise program (Tr. at 582). Dr. Marsteller completed a form on Claimant's behalf on June 19, 2011, concluding that Claimant was disabled "likely permanent[ly]," for the purpose of obtaining longterm disability benefits (Tr. at 207-208).

   Christie Eastman, M.D., a staff counselor at Cabell Huntington Hospital Counseling Center (CHH), completed a report on May 9, 2011, stating that Claimant was first treated there on August 16, 2007, due to severe emotional and psychological distress following a recent traumatic event (Tr. at 498).  Claimant was diagnosed with PTSD.  Her course of treatment demonstrated significant improvements in psychiatric symptoms gradually over time.  (*Id.*)  Ms. Eastman stated that, "[d]espite [Claimant's] ongoing clinical symptoms that spike in response to exposure to

8

certain cues, she reports and demonstrates significantly improved ability to function *emotionally and psychologically* in both social and occupational settings since her intake in 2007.   (*Id.*) (emphasis in original).

Porfirio Pascasio, M.D., a state agency physician, reviewed Claimant's claim for benefits on May 26, 2011, and opined that, despite her impairments (including multiple sclerosis/fibromyalgia, asthma, obesity, and sleep apnea), Claimant had the physical residual functional capacity to perform light work with occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching, and crawling (but never climbing ladders/ropes/scaffolds); and avoiding concentrated exposure to extreme cold and heat, and hazards such as machinery or heights (Tr. at 499-506).

Penny O. Perdue, M.A., performed a mental status examination of Claimant on June 7, 2011, (Tr. at 507).  Claimant complained of chronic pain and had not noticed a relationship between her pain and mood difficulties, but that stress increased her tremors.  Claimant also reported that she was molested by her brother from ages 4-14 and was raped at age 19 in 2007, and again in 2010. (*Id.*)  On examination, Claimant's social functioning was within normal limits, her judgment was within normal limits, her concentration was mildly deficient, and her pace and persistence were within normal limits (Tr. at 509-10).  Claimant was diagnosed with PTSD and major depressive disorder, single episode, unspecified (Tr. at 509).

Aroon Suansilppongse, M.D., a state agency psychiatrist, reviewed Claimant's claim for benefits on June 17, 2011, and opined that Claimant is able to understand, remember and carry out instructions; that her ability for sustained concentration and persistence or task completion would be minimally limited due to anxiety and depressive reaction and alleged pain/fatigue; that her

ability to interact with supervisors, co-workers and the public would be minimally limited due to social withdrawal and infrequent episodes of irritability; and that her adaptability in a routine work setting would be minimally limited due to transient cognitive dysfunction and depressive reaction (Tr. at 511-527).

Curtis Withrow, M.D., a second state agency physician, reviewed Claimant's claim for benefits on October 11, 2011, and opined that Plaintiff had the physical residual functional capacity to perform light work with occasional climbing of ramps/stairs, stooping, kneeling, and crouching, but never climbing ladders/ropes/scaffolds, balancing, or crawling; could perform limited handling and fingering; must avoid concentrated exposure to cold and vibration; and must avoid even moderate exposure to extreme heat, fumes, odors, dusts, gases, poor ventilation, etc., and hazards such as machinery and heights (Tr. at 589-56). Jeff Boggess, Ph.D., a state agency psychologist, reviewed Claimant's claim for benefits on October 17, 2011, and concurred with Dr. Suansilppongse's June 17, 2011 assessment (Tr. at 597).

<u>New and Material Evidence</u>

On April 12, 2013, Claimant filed a Request for Review of the Hearing Decision of the ALJ. On June 25, 2014, the Appeals Council received additional evidence which it made part of the record (Tr. at 6). The evidence consisted of a representative brief marked as Exhibit 17E and medical records from January 17, 2006, to February 14, 2013, marked as Exhibit 29F. On June 25, 2014, the Appeals Council denied Claimant's request for review (Tr. at 1). The Appeals Counsel stated that the following additional evidence received after the hearing was considered:

> We [] looked at medical records from Amy Martstellar, M.D., Cabell Huntington Hospital, Lab Corp, Mohammad Abdul-Khoudoud, M.D., and Moussa Alhaj, M.D., dated February 20, 2013, to April 12, 2013 (19 pages) and records from Michael Kennedy, PT, dated October 30, 2013 (16 pages). The

10

Administrative Law Judge decided your case through February 15, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you are disabled beginning on or before February 15, 2013.

Claimant argues that the additional evidence submitted after the hearing contained the following:

In order to bolster the abundant pre-hearing objective medical evidence of record reflecting the Plaintiff's disability, the undersigned submitted new and material evidence as follows:

    a.    Letter, dated April 12,2013, from Christie Eastman, M.A., L.P.C., Staff Counselor at Cabell Huntington Hospital Counseling Center (TR. 38-41).

    b.    Medical records from Amy Marsteller, M.D., at Valley Health West Huntington/Carl Johnson Medical Center covering the time period of 12/21/2011 through 04/10/2013 (TR. 42-49).

    c.    Preliminary Nuclear Stress Image Report, dated 08/09/2010, from St. Mary's Medical Center (TR. 704-705).

    d.    Sleep Lab Polysomnogram (PSG), dated 03/20/2013, conducted by Mohamad Abul-Khoudoud, M.D., F.C.C.P. Diplomate, American Board of Sleep Medicine, at Our Lady of Bellefonte Hospital (TR. 50-53).

    e.    Medical records from Howard L. Feinberg, D.O., F.A.C.O.I., covering the time period of 01/28/2011 through 04/04/2013 (TR. 706-740).

    f.    Medical records from Blue Cross Blue Shield of South Carolina covering the time period of 03/16/2011 through 11/14/2012 (TR. 751-760).

    g.    Discharge Application: Total And Permanent Disability, dated 03/11/2013, completed by Amy Marsteller, M.D. (TR. 54-54).

h.   Medical records from Moussa Alhaj, M.D., F.A.C.E., covering the time period of 01/29/2013 through 02/20/2013 (TR. 761-768).

i.   Medical records from King's Daughters Medical Center covering the time period of 09/23/2010 through 05/15/2012 (TR. 769-774).

j.   Medical records from Urology Center of Northeastern Kentucky covering the time period of 01/17/2006 through 07/05/2006 (TR. 775-786).

k.   Functional Capacity Evaluation Of Ms. Sandra James, dated 10/30/2013, prepared by Mike Kennedy, Physical Therapist.

Attention is specifically called to Dr. Marsteller's numerous statements that the Plaintiff is unable to maintain gainful employment (See Physician's Certification, dated 12/21/2011 (TR. 754), and Physician's Certification, dated 06/06/2012 (TR. 756), and Discharge Application: Total And Permanent Disability, dated 03/11/2013 (TR. 54-56)).  Going farther, Dr. Marsteller completed a Physical Capabilities Evaluation Form, dated 04/03/2013 (TR. 42-49), and states that the Plaintiff can only sit for a total of four (4) hours during the workday (TR. 46).  This finding would mean that the Plaintiff is incapable of performing even sedentary work.  These comments should dispel any question about the severity of the Plaintiff's condition.  After all, Dr. Marsteller has been treating the Plaintiff since 10/2009 (TR. 207).  Who is in a better position to comment on the Plaintiff's ability to work?  The answer is "No one."  This case is worthy of an out-right reversal.  At a minimum, a remand is required for the consideration of this new and material evidence.

Additionally, attention is called to the new and material evidence submitted post-hearing to the Appeals Counsel wherein Christie Eastman, M.A., L.P.C., Staff Counselor at Cabell Huntington Hospital Counseling Center, the Plaintiff's treating mental health care provider since 2007, states that "[I]n my opinion, Sandy would choose to work if this were physically possible" (TR. 41).  Again, this evidence from a treating source demonstrates the Plaintiff's inability to engage in competitive employment.

Lastly, attention is called to the Functional Capacity Evaluation of Ms. Sandra James, dated 10/30/2013, prepared by

Mike Kennedy, Physical Therapist, wherein Kennedy limits the Plaintiff to a sedentary work classification (TR. 9-23). Inexplicably, the Administrative Law Judge concluded that the Plaintiff is capable of light work and can return to her past relevant employment as a Medical Review Nurse (TR. 72). Without question, the FCE supports the Plaintiff's contention that she is disabled and, therefore, the Decision of the Administrative Law Judge is fatally flawed. As a result, a reversal or a remand is appropriate is (sic) this case.

It is obvious that an individual with the objectively demonstrated limitations outlined above would be incapable of substantial gainful activity on a consistent basis. The Appeals Council, however, summarily concluded that "[T]his information is about a later time" and "… it does not affect the decision about whether you were disabled beginning on or before February 15, 2013" (TR. 2; Note: most of the post-hearing submitted evidence pre-dates the Decision). Adding insult to injury the Appeals Council suggested that the Plaintiff re-apply for benefits in order for this evidence to be considered. Such a recommendation is not an appropriate remedy in this case. (ECF No. 12).

<u>Discussion</u>

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or

13

not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

The Appeals Council states that it considered additional evidence submitted by Claimant, however, it asserts that the "new information" is about a time later than February 15, 2013, the date of the ALJ's decision.  The Appeals Council states that this new information "does not affect the decision about whether you are disabled beginning on or before February 15, 2013" (Tr. at 2).

Contrary to the Appeals Council's determination, the "new information" submitted by Claimant contained medical records which are dated prior to the ALJ's hearing decision.  In fact, the "new information" contained medical records back as far as January 17, 2006.

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate.  *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ").  In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

14

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at \*21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at \*20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits.  'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

*Wilkins v. Secretary, 953 F.2d 93 (4ᵗʰ Cir. 1991),* when read in combination with the applicable regulation, reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier.  There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014).  Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative."  *Id.* at 96 (citing *Williams*, 905 F.2d at 216).  "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."  *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

In *Snider v. Colvin*, 2013 U.S. LEXIS 130456 (S.D.W.V. Sept.12, 2013), the court discussed the process to be followed when a claimant presents new evidence to the Appeals, quoting 20 C.F.R. § 404.970(b):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight **of** the evidence currently of record. *Id.,* at 12-13.

As noted in the *Snider* decision, "[e]vidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome. *Id.* at 13, citing *Wilkins v. Secretary, Dep't of Health and Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991) (en banc), *superseded by statute on other grounds,* 20 C.F.R. § 404.1527. The *Snider* court outlined the Appeals Council's obligations this way:

> When confronted with new and material evidence, the Appeals Council must then evaluate the entire record including the new and material evidence. *Meyer v. Astrue,* 662 F.3d 700,704-05 (4th Cir. 2011). After this evaluation, if the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it must grant the request for review and either remand the case to the ALJ or issue its own decision on the merits. *Id* "[I]f upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review." *Id.*

Thus, in cases such as this, where a claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence and made it part of the record,

this Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. *Id.; see Wilkins v. Secretary, Dep't of Health and Human Servs.,* 953 F.2d at 95-96. *Snider, Id., at 13-15.* In the *Snider* case, the claimant had submitted evidence to the Appeals Council and in denying review the Appeals Council stated that it had considered the newly-submitted medical evidence. *Snider, Id*., at 15. The *Snider* court went on to state that:

> [a]s such, the Appeals Council necessarily considered this evidence new and material, and that it related the period on or before the date of the ALJ's decision. Notwithstanding the new evidence, however, the Appeals Council advised Plaintiff that his newly-submitted medical evidence "does not provide a basis for changing the [ALJ's] decision." *Snider*, *id.*, at 15-16.

The *Snider* court cited the holding of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) that "the Appeals Council's failure to state its rationale for its decision to deny review is not error as long as the record provides an 'adequate explanation of [the Commissioner's] decision'" *Snider, id*., at 16, citing *Meyer, id*., at 707. As noted by the *Snider* court, however, the *Meyer* court did remand that case to the Commissioner "because the new evidence was evidence from Meyer's treating physician, evidence afforded special weight under [the regulations]" *Snider, Id.*

<u>Reasonable Possibility the New Evidence Would Have Changed the Outcome</u>

Claimant asserts that the new evidence supports her contention that she is disabled (ECF No. 12). The new evidence includes treating physicians' records. Claimant asserts that Dr. Marsteller made numerous statements that Claimant is unable to maintain gainful employment (Tr. at 754). Additionally, Claimant argues that the new and material evidence "should dispel any question about the severity of the Plaintiff's conditions" (ECF No. 12).

The additional records were admitted into evidence by the Appeals Council. This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. **This reviewing Court cannot** determine whether substantial evidence supports the administrative law judge's action, findings, or conclusion is contrary to the weight **of** the evidence currently of record. Therefore, the ALJ's decision is not supported by substantial evidence as she has not reviewed the record as a whole.

<u>Conclusion</u>

Based on the above, this Court concludes that this matter be remanded for further administrative proceedings with this memorandum opinion. Accordingly, by Judgment Order entered this day, the Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12), is **GRANTED**, Brief in Support of Defendant's Decision (ECF No. 15) is **DENIED**, this matter is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to provide copies of this ORDER to all counsel of record.

ENTER: September 22, 2015.

Dwane L. Tinsley
United States Magistrate Judge